UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 10-23550-CIV-KING

CONTINUUM CONDOMINIUM
ASSOCIATION, INC.,

       Plaintiff,

vs.

MT. HAWLEY INSURANCE COMPANY,

       Defendant.
_____/

### PLAINTIFF CONTINUUM CONDOMINIUM ASSOCIATION, INC'S RESPONSE TO AND/OR MOTION TO DISMISS DEFENDANT MT. HAWLEY INSURANCE COMPANY'S REQUEST FOR REFORMATION, AND/OR MOTION FOR MORE DEFINITE STATEMENT AND DENIAL OF REQUEST FOR REFORMATION

Plaintiff, Continuum Condominium Association, Inc. ("Continuum"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and Southern District Local Rule 7.1, hereby serves this Response to and/or Motion to Dismiss Defendant Mt. Hawley Insurance Company's ("Mt. Hawley") Request for Reformation and/or Motion for More Definite Statement and Denial of Mt. Hawley's Request for Reformation, stating as follows:

    1.    On April 4, 2011, Mt. Hawley filed its First Amended Answer, Affirmative Defenses, and Request for Reformation Due to Mutual Mistake (the "Amended Answer") [D.E. #14].

    2.    Due to the manner in which Mt. Hawley chose to set forth its Request for Reformation, which is a discrete section (Part III) in its Amended Answer, after the Answer (Part I), and the Affirmative Defenses (Part II), it is unclear whether Mt. Hawley's "Request for

Reformation" is a counterclaim or a motion, thus making it difficult if not impossible to formulate an appropriate response. Mt. Hawley's request is not labeled as a counterclaim, and is not titled as a motion. As such, Continuum is uncertain whether to respond by way of answer and affirmative defenses or by way of response in opposition to a motion. Mt. Hawley's request for reformation appears to be couched as a counterclaim, but there are no jurisdictional allegations asserted, there are no supporting documents attached, and no facts are alleged such that Continuum can formulate a sufficient response. Moreover, Mt. Hawley's request for reformation also may be viewed as a motion, but there is no supporting memorandum of law, no rules or case law cited, and no certificate of good faith included.

3.    If Mt. Hawley's Request for Reformation is a counterclaim, it should be alleged as such, with supporting documentation attached to the counterclaim. If, on the other hand, the request is a motion, it should be titled as such and should include a memorandum of law with supporting authority for the relief sought. Accordingly, the Court should require Mt. Hawley to provide a more definite statement of its claim for reformation, so that Continuum can formulate a proper response.

4.    In addition, Mt. Hawley has not alleged a proper claim for reformation in its request. Specifically, the document that is referenced in the request (but which is not attached), the June 2007 Policyholder's Release, does not contain all the terms of the alleged agreement between Mt. Hawley and Continuum. The Release document is but one document that is alleged to have arisen from negotiations between the parties, which at best shows a unilateral mistake (on Mt. Hawley's part), and not a mutual mistake. Reformation is not appropriate where there is no mutual mistake. *See Coda Roofing, Inc. v. Gemini Ins. Co.*, 2010 U.S. Dist. LEXIS 98708 (S.D. Fla. 2010); *Mustelier v. Consolidated Mut. Ins. Co.*, 296 So.2d 634 (Fla. 3d DCA 1974)

(mutual mistake is necessary for the reformation of an insurance policy upon the grounds of mistake).

5. According to Mt. Hawley, it admittedly made a typographical error in the Release that it created and prepared for Continuum to sign. As such, to the extent that typographical error creates an ambiguity in the document, such ambiguity must be construed against Mt. Hawley. *Conch Cove Inc. v. Hartford Accident and Indemnity Co.*, 473 So.2d 768, 771 (Fla. 4th DCA 1985). One thing is certain beyond any doubt: Continuum did not intend by signing the June 2007 Policyholder's Release, to provide a complete and full release to Mt. Hawley of all of its claims. In fact, the only evidence adduced in the case to date unequivocally shows that there was no intention whatsoever for Continuum to release Mt. Hawley of all claims by signing the June 2007 Policyholder's Release. *See* the deposition transcript of Nelson Elias, president of the board of Continuum, attached hereto as **Exhibit 1**, at pages 95-108.

6. It was at all times Continuum's understanding, that the initial payment by Mt. Hawley, for which Continuum signed the June 2007 Policyholder's Release, was for "undisputed" portions of the claim, which Mt. Hawley agreed at that time to release to Continuum. That clearly left a "disputed" portion of the claim to be resolved. *See*, e.g., the Nelson Elias deposition transcript at page 101, line 16, where Mr. Elias clearly states his understanding of the Release to be for a "first payment". Mt. Hawley provided no new or additional consideration to Continuum that the payment was for the entire amount of the claim.

## MEMORANDUM OF LAW

7. A court of equity has the power to reform a written instrument where, due to a **mutual mistake**, the instrument as drawn does not accurately express the true intention or agreement of the parties to the instrument. *USAA Cas. Ins. Co. v. Threadgill*, 729 So.2d 476

(Fla. 4th DCA 1999) (emphasis supplied). Put another way, reformation is a proper remedy when the parties have reached a definitive and explicit agreement, understood in the same sense by both, but, by their mutual or common mistake, the written contract fails to express the agreement. *Houston Cas. Co. v. Certain Underwriters at Lloyd's London,* 51 F.Supp.2d 789, 801 (S.D. Tex. 1999). A mutual mistake, as opposed to a unilateral mistake, is necessary for the reformation of an insurance policy upon the grounds of mistake. *Mustelier v. Consolidated Mut. Ins. Co.,* 296 So.2d 634 (Fla. 3d DCA 1974). Some courts have held that reformation is proper for unilateral mistake on one side of the transaction, and inequitable conduct on the other. *See Ayers v. Thompson, 536 So.2d 1151* (Fla. 1st DCA 1988). Here, however, no unilateral mistake has been alleged, and no inequitable conduct on the part of Continuum has taken place, or has even been alleged. *See also See Coda Roofing, Inc. v. Gemini Ins. Co.,* 2010 U.S. Dist. LEXIS 98708, *16 (S.D. Fla. 2010), in which this Court denied an insurance company's request for reformation (incidentally, brought as a counterclaim), stating "Defendant cannot be permitted to reform a contract that was clear and explicit regarding the parties' obligations to add conditions to the contract after the fact because of a "clerical error". *Id.* at *16.

8.  It should be noted that the "Request for Reformation" asserted by Mt. Hawley does not contain an allegation of specific facts necessary to support the claim. *See Houston Cas. Co. v. Certain Underwriters at Lloyd's London,* 51 F.Supp.2d 789, 801 (S.D. Tex. 1999).

9.  In the case at bar, at best, Mt. Hawley has shown that a unilateral mistake took place on the part of Mt. Hawley 1) in the way it labeled the June 2007 Policyholder's Release, and 2) in its belief that the payment for which the June 2007 Policyholder's Release released it was the final payment of the claim. However, as stated above, it was never the intention of Continuum, by signing the June 2007 Policyholder's Release, to sign away the rights to all

claims for damages caused by Hurricane Wilma under the claim, or the policy. Rather, Continuum intended to release Mt. Hawley only for the "first payment" for "undisputed" items of the claim. Additional payments by Mt. Hawley for "disputed" portions of the claim, were clearly intended to remain open for negotiation. *See* Nelson Elias transcript generally at pages 95-108. Therefore, Continuum and Mt. Hawley obviously did not reach a definitive and explicit agreement, understood in the same sense by both.

10. With regard to Mt. Hawley's purportedly incorrect labeling of the June 2007 Policyholder's Release, it is black letter law that the party who drafts the contract has any ambiguity in the contract construed against it. *Conch Cove Inc. v. Hartford Accident and Indemnity Co.,* 473 So.2d 768, 771 (Fla. 4th DCA 1985). *See also Firemans Fund Ins. Co. of San Francisco v. Boyd,* 45 So.2d 499, 501 (Fla. 1950) (a contract of insurance prepared and phrased by the insurer is to be construed liberally in favor of the insured and strictly against the insurer, where the meaning of the language used is doubtful, uncertain, or ambiguous); *Shaw v. Bankers Life Co.,* 213 So.2d 514, 515 (Fla. 3d DCA 1968) (terms in an insurance policy which are ambiguous, equivocal, or uncertain must be construed strictly against the insurer and liberally in favor of the insured so as to effect the primary purpose of payment to the insured); *National Cas. Co. v. General Motors Acceptance Corp.,* 161 So.2d 848, 852 (Fla. 1st DCA 1964) (It is fundamental that insurance policies are construed liberally in favor of the insured and strictly against the insurer to the end that the dominant purpose of indemnity or payment to the insured may be accomplished according to the fair purposes of the contracting parties. An insurer will not be allowed by the use of obscure phrases or exceptions to defeat the purpose for which the policy was procured, and where to interpretations are available the one allowing the greater indemnity will prevail).

11. Accordingly, to the extent that Mt. Hawley's "mislabeling" of the June 2007 Policyholder's Release causes any ambiguity in the document, such terms must be construed strictly against Mt. Hawley. The written document, due to the typographical error, is ambiguous in that it can be interpreted to envision a partial payment, or payment for only a portion of the claim. As such the ambiguity must be resolved in Continuum's favor, and the request for reformation must be denied. Alternatively, if the Request for Reformation is couched as a counterclaim, the Court should either dismiss the claim or require Mt. Hawley to plead a more fact specific claim to allow Continuum to formulate an appropriate response.

WHEREFORE, the Plaintiff, CONTINUUM CONDOMINIUM ASSOCIATION, respectfully requests the Court to provide the following relief: 1) deny Mt. Hawley's Request for Reformation; 2) dismiss Mt. Hawley's Request for Reformation; 3) in the event the Court is inclined to give Mt. Hawley an additional opportunity to more clearly and cleanly assert its claim, direct Mt. Hawley to provide a more definite statement of its claim for reformation by asserting it either as a counterclaim or as a motion; and 4) provide such other and further relief the court deems just, equitable and proper.

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

_____
Ralf R. Rodriguez, Esq.

Peckar & Abramson
6

Case No.10-23550-CIV-KING

Respectfully submitted,

PECKAR & ABRAMSON, P.C.
*Attorneys for Continuum Condominium Association*
1 Southeast 3rd Avenue, Suite 3100
Miami, Florida 33131
(305) 358-2600 Phone
(305) 375-0328 Fax

/s/ Ralf R. Rodriguez
Ralf R. Rodriguez
Fla. Bar. No. 138053
rrodriguez@pecklaw.com

Case No.10-23550-CIV-KING

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the CM/ECF system on this 18th day of April, 2011 to:

Greg K. Winslett, Esquire
gwinslett@qslwm.com
Quilling, Selander, Lownds, Winslett & Moser, P.C.
2001 Bryan St., Ste. 1800
Dallas, TX 75201
Tel.: 214-871-2100
Fax: 214-871-2111

William S. Berk, Esq.
wberk@berklawfirm.com
Melissa Sims, Esq.
msims@berklawfirm.com
Scott M. Janowitz, Esq.
sjanowitz@berklawfirm.com
Berk, Merchant & Sims, PLC
2 Alhambra Plaza, Ste 700
Coral Gables, Florida 33134
Tel.: 786-338-2900
Fax: 786-338-2888

PECKAR & ABRAMSON, P.C.
*Attorneys for Continuum Condominium Association*
1 Southeast 3rd Avenue, Suite 3100
Miami, Florida 33131
Phone: (305) 358-2600
Fax: (305) 375-0328

/s/ Ralf R. Rodriguez
Ralf R. Rodriguez
Fla. Bar. No. 138053
rrodriguez@pecklaw.com