IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

| | | |
|---|---|---|
| CONTINUUM CONDOMINIUM ASSOCIATION, INC., | ' | |
| Plaintiff, | ' | |
| vs. | ' | CIVIL ACTION NO. 1:10-cv-23550 |
| MT. HAWLEY INSURANCE COMPANY, | ' | |
| Defendant. | ' | |

**DEFENDANT MT. HAWLEY INSURANCE COMPANY'S
RESPONSE TO PLAINTIFF CONTINUUM CONDOMINIUM ASSOCIATION, INC.'S
RESPONSE TO AND/OR MOTION TO DISMISS DEFENDANT MT. HAWLEY
INSURANCE COMPANY'S REQUEST FOR REFORMATION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Mt. Hawley Insurance Company files this Response to Plaintiff Continuum Condominium Association, Inc.'s Response to and/or Motion to Dismiss Defendant Mt. Hawley Insurance Company's Request for Reformation, and/or Motion for More Definite Statement and Denial of Request for Reformation (Document No. 24) and would respectfully show this Court as follows:

**I.
SUMMARY**

1. Despite agreeing to Mt. Hawley's motion for leave to file an amended answer to raise an issue asserting that a release should be reformed based on mutual mistake, Plaintiff filed a motion to dismiss such pleading contending in part that Mt. Hawley cannot prevail on such a claim because of the self-serving deposition testimony of Nelson Elias, Plaintiff's President. Plaintiffs' motion to

dismiss should be denied because Mt. Hawley has asserted a valid claim to have the release reformed. In the alternative, to the extent the Court finds that the claim for reformation should be pled as a counterclaim for reformation and that additional allegations are required to properly assert such a claim, Mt. Hawley requests that it be given an opportunity to file an amended pleading to address any deficiencies identified by the Court.

## II.
## BACKGROUND

2. This lawsuit arises from Plaintiff's claim on an insurance policy for damage allegedly caused to a condominium complex as a result of Hurricane Wilma in October 2005. Mt. Hawley adjusted the loss, reached an agreement with Plaintiff's public adjuster regarding the scope of the loss and paid Plaintiff $37,009.09 for the damage, after application of the deductible and co-insurance penalties. Mt. Hawley also withheld $45,064.78 in depreciation and informed Plaintiff that such funds would be released if and when appropriate receipts for repairs were presented to Mt. Hawley.

3. In May 2007, Plaintiff and Mt. Hawley reached an agreement to release the remaining $45,064.78, without requiring Plaintiff to submit receipts for repairs as would have been required by the policy, in return for Plaintiff's release of further claims against Mt. Hawley relating to the Hurricane Wilma damage.

4. On June 1, 2007, Plaintiff signed a Policyholder's Release (the "Original Release") which mistakenly released all of Plaintiff's claims for business income, even though the applicable policy did not provide coverage for business income and no business income claim had been made.

5. When the mistake was discovered, Mt. Hawley asked Plaintiff to sign a corrected Policyholder's Release, releasing all claims under the policy related to damage allegedly caused by

Hurricane Wilma, which was the true agreement that had already been reached by the parties. On August 6, 2007, the corrected release (the "Corrected Release") was signed by Nelson Elias, the President of Plaintiff's condominium board. Plaintiff's public adjuster and Mt. Hawley then closed their respective files.

6. Plaintiff was then silent regarding the claim for the next two years. In the fall of 2009, a new public adjuster emerges, asserting a claim under the Mt. Hawley insurance policy for over $1 million of "new damage" associated with Hurricane Wilma, claiming the signature on the Corrected Release was either forged or unauthorized.

7. In the course of discovery, documents have been produced by Right Tech Insurance, the public adjuster who represented Plaintiff in the claim against Mt. Hawley through the time when the Corrected Release, which include email exchanges between Right Tech and Mr. Elias, reflecting the clear understanding that the $45,064.78 was a "final payment" for all damages associated with Hurricane Wilma.

8. In addition, though complete minutes of all Condominium Board meetings have not been produced, (particularly minutes for meetings occurring in May 2007, July 2007, August 2007, December 2007, 2008, 2009 and 2010) the minutes for the June 2007 meeting indicate that the Board Secretary "informed the audience that insurance <u>final</u> payment for hurricane damages will be received in the next four to five days." This further reflects Plaintiff's understanding that the agreement that had been reached was the disbursement of the $45,064.78 of withheld depreciation in return for a release of all claims associated with the damage caused by Hurricane Wilma.

9. While Mt. Hawley firmly believes that the Corrected Release was signed by Plaintiff's authorized representative and is a valid and enforceable release, in the unlikely event it is

**DEFENDANT MT. HAWLEY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S
MOTION TO DISMISS MT. HAWLEY INSURANCE COMPANY'S REQUEST FOR REFORMATION**   Page **3**

held otherwise, Mt. Hawley alternatively pleads that the Original Release should then be reformed to reflect the true agreement of the parties. Plaintiff admits signing this release.

10. On March 31, 2011, counsel for Mt. Hawley, conferred with Ralf Rodriguez, counsel for Plaintiffs regarding Mt. Hawley's desire to amend its answer to assert the reformation issue so that Mt. Hawley could rely on the reformed Original Release in the event the Corrected Release was not enforceable. Mr. Rodriguez indicated he would not oppose a motion for leave to file an amended answer raising this issue.

11. On April 1, 2011, Mt. Hawley filed its Unopposed Motion for Leave to File Amended Answer.

12. On April 4, 2011, the Court granted the Motion for Leave and permitted Mt. Hawley to file its First Amended Answer, Affirmative Defenses and Request for Reformation Due to Mutual Mistake (Document No. 13). On that same day, Mt. Hawley filed its Amended Answer.

13. On April 18, 2011, despite having agreed to allow Mt. Hawley to amend its pleading to raise the reformation issue, Continuum filed a Motion to Dismiss or Motion for More Definite Statement contending that Mt. Hawley cannot assert a valid claim for reformation simply because Nelson Elias has testified that he did not understand the Original Release to be a final release of all claims. Because the arguments raised by Plaintiff do not support dismissal of Mt. Hawley's claim for reformation, Plaintiff's Motion to Dismiss should be denied.

### III.
### MEMORANDUM OF LAW

**A. Mt. Hawley has asserted a valid claim for reformation.**

14. To survive a motion to dismiss, a complaint must plead sufficient facts to state a claim of relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007). The obligation to provide the grounds of entitlement to relief requires more than labels and conclusions. The allegations must be sufficient to raise a right to relief above the speculative level. *Id*. at 555-56.

15. Mt. Hawley's pleading for reformation meets these requirements and states a claim for reformation based on mutual mistake. Under Florida law, "a mistake is mutual when the parties agree to one thing and then, due to either a scrivener's error or inadvertence, express something different in the written instrument." *Feldman v. Kritch*, 824 So.2d 274, 277 (Fla. Dist. Ct. App. 2002). Where there is a mutual mistake the written instrument can be reformed through equity to reflect the true intentions of the parties. *Providence Square Ass'n, Inc. v. Biancardi*, 507 So.2d 1366, 1369 (Fla. 1987).

16. Mt. Hawley alleges that the parties reached a meeting of the minds whereby Mt. Hawley agreed to pay $45,064.78 in return for Plaintiff's release of any remaining claims regarding property damage allegedly caused by Hurricane Wilma. However, the Original Release contained a mistake and only referenced claims relating to business income, despite the fact that there was no business income claim at issue and the policy did not provide coverage for business income. Mt. Hawley noticed the error and specifically requested that the Original Release "be reformed to correct the mutual mistake contained therein. It was the parties' intention that the payment for $45,064.78 was to be the final payment on the claim and was being made in full and final settlement of the claim for damage alleged caused by Hurricane Wilma. Accordingly, the language of the [Original] Release should be reformed to reflect the true intent of the parties . . ."

17. A court ruling on a defendant's motion to dismiss a complaint, "must accept as true all of the factual allegations contained in the complaint." *Twombly*, 550 U.S. at 572. Despite Mr. Elias' self-serving testimony that is directly at odds with the documentary evidence, the allegations of

Mt. Hawley must be taken as true and these allegations are sufficient to state a claim for mutual mistake under Florida law, and Plaintiff's motion to dismiss should be denied.

> **B. If the Court believes the claim for reformation should be replead to meet technical requirements for a counter-claim, Mt. Hawley request an opportunity to file an amended pleading addressing the deficiencies identified by the Court.**

18. Plaintiff asserts that it is confused as to whether Mt. Hawley's pleading asserted a motion for reformation or a counterclaim for reformation. As an initial matter, Mt. Hawley is not aware of a procedural vehicle under the Federal Rules of Civil Procedure which would allow Mt. Hawley to present the mutual mistake and reformation issues to the Court through a motion, so Mt. Hawley does not understand the confusion claimed by Plaintiff.

19. Moreover, if in fact it is unclear that Mt. Hawley was intending to assert as an alternate theory a counterclaim for reformation of the Original Release based on the mutual mistake of the parties, Mt. Hawley requests an opportunity to file an amended pleading to address any inadequacies identified by the Court, though Mt. Hawley does not believe that such an amended pleading is necessary because the claim for reformation adequately provides fair notice regarding the reformation theory being asserted.

WHEREFORE, PREMISES CONSDIERED, Defendant Mt. Hawley Insurance Company respectfully requests that Plaintiffs' Motion to Dismiss Mt. Hawley Insurance Company's Request for Reformation and/or Motion for More Definite Statement and Denial of Request for Reformation be denied in its entirety, or in the alternative, that Mt. Hawley be given an opportunity to replead its claim for reformation to address any deficiencies in such pleading identified by the Court.

Respectfully submitted,

 /s/ Scott M. Janowitz
William S. Berk, Esq.
Florida Bar No.: 349828

wberk@berklawfirm.com
Melissa M. Sims, Esq.
Florida Bar No.: 85936
msims@berklawfirm.com
Scott M. Janowitz, Esq.
Florida Bar No.: 23737
sjanowitz@berklawfirm.com
2 Alhambra Plaza, Ste 700
Coral Gables, Florida 33134
(786) 338-2900 (Telephone)
(786) 338-2888 (Facsimile)


GREG K. WINSLETT
Texas Bar No. 21781900—Admitted *Pro Hac Vice*
**QUILLING, SELANDER, LOWNDS,
  WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
gwinslett@qslwm.com

**ATTORNEYS FOR DEFENDANT
MT. HAWLEY INSURANCE COMPANY**

Certificate of Service

I hereby certify that on this 5 day of May, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*Service List*

**Ralf R. Rodriguez**
*rrodriguez@pecklaw.com*
Fla. Bar No.: 138053
PECKAR & ABRAMSON
One S.E. Third Ave., Ste. 3100
Miami, FL 33131
Tel.:   305-358-2600
Fax:   305-375-0328

                                      */s/ Scott M. Janowitz*
                                      Scott M. Janowitz