UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 10-23550-CIV-KING

CONTINUUM CONDOMINIUM
ASSOCIATION, INC.,

        Plaintiff,

vs.

MT. HAWLEY INSURANCE COMPANY,

        Defendant.
_____/

### PLAINTIFF CONTINUUM CONDOMINIUM ASSOCIATION, INC'S REPLY MEMORANDUM TO DEFENDANT MT. HAWLEY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S RESPONSE AND/OR MOTION TO DISMISS DEFENDANT MT. HAWLEY INSURANCE COMPANY'S REQUEST FOR REFORMATION

Plaintiff, Continuum Condominium Association, Inc. ("Continuum"), by and through its undersigned counsel, and pursuant to Southern District Local Rule 7.1(c), hereby serves this Reply Memorandum to Defendant Mt. Hawley Insurance Company's ("Mt. Hawley") Response to Continuum's Response to and/or Motion to Dismiss Mt. Hawley's Request for Reformation [D.E. #25] (the "Mt. Hawley's Response"), stating as follows:

    1.    Undersigned counsel for Continuum did not object to Mt. Hawley's filing of an Amended Answer as a professional courtesy, and such courtesy was extended prior to counsel having been provided with a copy of the amended pleading. While such courtesy was gladly extended, it did not constitute a waiver of Continuum's right to request a more definite statement under the Rules and/or to seek dismissal for failure to state a claim.

Peckar & Abramson

2. Continuum denies that it agreed to resolve any and all claims associated with Hurricane Wilma. Contrary to the representations of Mt. Hawley, the facts and issues are not clear at all, as evidenced by the documents involved in this controversy, which do not manifest a clear intent to release all claims.

3. As is evidenced by the factual information provided in Mt. Hawley's Response, the claim for reformation was deficient, and accordingly, Mt. Hawley's Request for Reformation should be dismissed, or alternatively Mt. Hawley should be required to file a more definite statement in the form of a Counterclaim for reformation. Continuum denies that reformation is appropriate either way as there was no mutual mistake involved.

4. Mt. Hawley fails to note that at all times evidenced by its initial payment, the parties were dealing with only a portion of Continuum's claim which was "undisputed", and that there remained a "disputed" portion of the claim which was never the subject of any release signed or payment received by Continuum.

5. Regarding Mt. Hawley's request to have Continuum sign a "corrected" release, Nelson Elias, president of the Continuum Condominium Association, declined to do so, and never signed or agreed to the terms of the document that Mt. Hawley refers to as the "corrected release".

6. With respect to the Continuum Condominium board meetings, it is also disputed and denied that the board was ever fully informed or apprised, or agreed to release all Hurricane Wilma claims for payment for the undisputed amount. Notably, Mt. Hawley is asserting that it paid $82,073.87 to satisfy a claim estimated to be in excess of one million dollars. Although Mt. Hawley may have been mistaken in believing that it satisfied a million dollar claim by paying for

only a fraction of the claim, at all times the Continuum Association maintained that it had the right to continue to seek payment for amounts in dispute.

7. Notwithstanding the evidentiary issues, Mt. Hawley's original Request for Reformation lacked the facts necessary to state a claim upon which relief may be granted. Thus, the Request for Reformation must be dismissed, or, alternatively, Mt. Hawley should be required to file a more definite statement in the form of a Counterclaim such that Continuum may be apprised of the exact nature of the claim and may respond accordingly by filing an Answer and Affirmative Defenses to the Counterclaim.

WHEREFORE, the Plaintiff, CONTINUUM CONDOMINIUM ASSOCIATION, respectfully requests the Court to provide the following relief: 1) deny Mt. Hawley's Request for Reformation; 2) dismiss Mt. Hawley's Request for Reformation; 3) in the event the Court is inclined to give Mt. Hawley an additional opportunity to more clearly and cleanly assert its claim, direct Mt. Hawley to provide a more definite statement of its claim for reformation by asserting it as a Counterclaim; and 4) provide such other and further relief the court deems just, equitable and proper.

Respectfully submitted,

PECKAR & ABRAMSON, P.C.
*Attorneys for Plaintiff, Continuum Condominium Association*
1 Southeast 3rd Avenue, Suite 3100
Miami, Florida 33131
(305) 358-2600 Phone
(305) 375-0328 Fax

/s/ Ralf R. Rodriguez
Ralf R. Rodriguez
Fla. Bar. No. 138053
rrodriguez@pecklaw.com

Case No.10-23550-CIV-KING

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the CM/ECF system on this 12th day of May, 2011 to:

Greg K. Winslett, Esquire
gwinslett@qslwm.com
Quilling, Selander, Lownds, Winslett & Moser, P.C.
2001 Bryan St., Ste. 1800
Dallas, TX 75201
Tel.: 214-871-2100
Fax: 214-871-2111

William S. Berk, Esq.
wberk@berklawfirm.com
Melissa Sims, Esq.
msims@berklawfirm.com
Scott M. Janowitz, Esq.
sjanowitz@berklawfirm.com
Berk, Merchant & Sims, PLC
2 Alhambra Plaza, Ste 700
Coral Gables, Florida 33134
Tel.: 786-338-2900
Fax: 786-338-2888

                PECKAR & ABRAMSON, P.C.
                *Attorneys for Continuum Condominium Association*
                1 Southeast 3rd Avenue, Suite 3100
                Miami, Florida 33131
                Phone: (305) 358-2600
                Fax: (305) 375-0328

                /s/ Ralf R. Rodriguez
                Ralf R. Rodriguez
                Fla. Bar. No. 138053
                rrodriguez@pecklaw.com