UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 10-23550-CIV-KING

CONTINUUM CONDOMINIUM
ASSOCIATION, INC.,

     Plaintiff,

v.

MT. HAWLEY INSURANCE
COMPANY,

     Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS REQUEST FOR REFORMATION

**THIS MATTER** is before the Court upon Plaintiff's Response and/or Motion to Dismiss Defendant Mt. Hawley Insurance Company's Request for Reformation and/or Motion for More Definite Statement and Denial of Request for Reformation (DE #24), filed April 18, 2011. The Court has been fully briefed in the matter.[1]

### I.    Background

This is a property insurance dispute. Defendant Mt. Hawley Insurance Company ("Mt. Hawley") agreed to insure the property of Plaintiff Continuum Condominium Association, Inc. ("Continuum") under a policy in effect from May 4, 2005, to May 4, 2006.

---

[1]Defendant Mt. Hawley Insurance Company filed a Response (DE #25) May 5, 2011, to which Plaintiff replied (DE #26) May 12, 2011.

(DE #1-2 ¶ 6).   The policy provided windstorm coverage to insure Continuum against property damage arising from hurricanes. *Id.*  On October 24, 2005, Continuum sustained severe property damage as a result of Hurricane Wilma. *Id.* ¶ 7.  Continuum commenced this action for declaratory judgment and breach of contract to determine the effect of two releases purportedly executed by the Parties. *Id.*  ¶¶ 22–32.

Shortly after Hurricane Wilma, Mt. Hawley and Continuum each retained separate licensed insurance adjusters to value Continuum's claim. *Id.* ¶¶ 10–12.  The two adjusters came to different conclusions as to the value of the claim. *Id.* ¶ 13.   However, they apparently agreed on a portion of the adjustment.  Continuum requested that Mt. Hawley tender payment for "undisputed portions of the claim" so that Continuum could carry out urgently-needed repairs. *Id.*  Subsequently, Mt. Hawley disbursed $45,064.78 to Continuum, and the Parties executed a policyholder's release on June 1, 2007 ("the June 2007 release") (DE #1-2). The June 2007 release stated that Continuum released Mt. Hawley from "any and all actions, causes of action, claims and demands whatsoever" for "business income only." *Id.*

However, the underlying insurance policy did not provide coverage for "business income," and no claim for "business income" was ever made by Continuum. (DE #12 ¶ 4). Mt. Hawley claims the reference to "business income" in the June 2007 release was a mistake.  Accordingly, Mt. Hawley asked Continuum to sign a second policyholder's release ("the second release") that would release Mt. Hawley from "any and all actions, causes of

action, claims and demands whatsoever for all loss and damages arising from Hurricane Wilma on or about October 24, 2005." (DE #1-2). Continuum alleges that this second release, which was purportedly signed by Continuum's president, is fraudulent. (DE #1-2 ¶ 18). According to Continuum, it was never authorized by Continuum or signed by its president. *Id.* As a result, Continuum alleges that it never settled all of its claims with Mt. Hawley, and that it is entitled to payment for the disputed portion of the claim.

Mt. Hawley claims that the second release was signed by Continuum's president and is a valid release of all Continuum's claims arising from Hurricane Wilma. (DE #14 ¶ 18). Mt. Hawley has raised settlement as an affirmative defense. *Id.* at 6. In addition, Mt. Hawley included a "Request for Reformation" in its Amended Answer.[2] (DE #14). In the event that the Court finds the second release is unenforceable, Mt. Hawley requests that the Court reform the June 2007 release to reflect the true intent of the Parties, i.e., that it settled all claims between them. *Id.* at 12–13. Continuum now moves to dismiss Mt. Hawley's Request for Reformation on the grounds that Mt. Hawley has not labeled it as a motion or a counterclaim, and that Mt. Hawley has not alleged a proper claim for reformation.

II.   **Discussion and Analysis**

   A.   **Characterization of Mt. Hawley's Request for Reformation**

As an initial matter, the Court will treat the "Request for Reformation" contained in

---

[2]Mt. Hawley filed an Amended Answer (DE #14) April 4, 2011, after obtaining leave to do so from the Court. (DE #13).

Mt. Hawley's Amended Answer as a counterclaim. 20 Am. Jur. 2d *Counterclaim, Recoupment, Etc.* § 1 (2d ed. 2011) (defining a counterclaim as "a counter-demand or cause of action that exists in favor of the defendant against the plaintiff and on which the defendant might have brought a separate action and recovered judgment"). Counterclaims, like claims for relief in a complaint, are governed by Federal Rule of Civil Procedure 8. *See, e.g., City of Ft. Lauderdale v. Scott*, - - F.Supp. 2d - -, Case No.10-61122-CIV, 2011 WL 772879, at *4–10 (S.D. Fla. Feb. 28, 2011) (applying Rule 8 analysis to motion to dismiss counterclaims). Rule 8 only requires that claims for relief contain "a short and plain statement showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a counterclaim must simply allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court reviewing a claim for relief accepts all allegations as true and views them in the light most favorable to the pleader. *See Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003).

### B.   Sufficiency of Mt. Hawley's Counterclaim

It is well-settled that Florida law permits a court to exercise its equitable powers to reform a contract under certain circumstances. *Coda Roofing, Inc. v. Gemini Ins. Co.*, Case No. 09-CV-22957, 2010 WL 4689325, at *2 (S.D. Fla. Nov. 10, 2010) (King, J.). However, "Florida courts have sharply delimited a narrow range of circumstances that will support reformation: fraud, inequitable conduct, accident, inadvertence, and mutual mistake."

*Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n*, 8 F.3d 760, 765 (11th Cir. 1993) (citations omitted). Here, Mt. Hawley alleges mutual mistake. "A mistake is mutual when it is shown that the parties agreed on one thing and when they put it in the contract they said something different." *Blumberg v. Am. Fire Ins. & Cas. Co.*, 51 So. 2d 182, 184 (Fla. 1951); *see also Providence Square Ass'n v. Biancardi*, 507 So. 2d 1366, 1369 (Fla. 1987) (finding a court may "reform a written instrument where, due to a mutual mistake, the instrument as drawn does not accurately express the true agreement of the parties to the instrument.").

Thus, at the pleading stage, a party seeking reformation of a contract need only allege: (1) the existence of a written instrument; (2) a mutual mistake in the contract; and (3) that as a result, the contract does not accurately express the intent of the parties. In its counterclaim, Mt. Hawley alleges: (1) the Parties entered into a written agreement for the release of claims; (2) the release contained a mutual mistake by referring only to "business income," and (3) the release therefore did not release Mt. Hawley from all Continuum's Hurricane Wilma claims, as intended by the Parties. (DE #14 at 12–13). Mt. Hawley has pled the requisite allegations.

Lastly, Continuum argues that the mistake was unilateral on the part of Mt. Hawley, and that the June 2007 release accurately reflected *its* intent. Consequently, Continuum argues the elements for reformation on the ground of mutual mistake are not met, and reformation is therefore unwarranted. However, Continuum's assertion that the mistake was

unilateral is simply a denial of Mt. Hawley's well-pled allegations that the mistake was mutual. The Court can not resolve this factual dispute at the motion to dismiss stage. Because Mt. Hawley has sufficiently pled the elements of a cause of action for reformation of a contract due to mutual mistake, the motion to dismiss must be denied.

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is hereby

**ORDERED, ADJUDGED, and DECREED** that Plaintiff Continuum Condominium Association Inc.'s Motion to Dismiss Mt. Hawley Insurance Company's Request for Reformation, and/or Request for More Definite Statement **(DE #24)** is **DENIED.**

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 1st day of June, 2011.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:
*Counsel for Plaintiff/Counter-Defendant*

**Ralf R. Rodriguez**
Peckar & Abramson, P.C.
1 SE 3rd Avenue
Suite 3100
Miami, FL 33131
305-358-2600
Fax: 305-375-0328
Email: rrodriguez@pecklaw.com

*Counsel for Defendant/Counter-Plaintiff*

**Gregory K. Winslett**
Quilling, Selander, Cummiskey & Lowds, P.C.
2001 Bryan Street
Suite 1800
Dallas, TX 75201
214-880-1870
Email: gwinslett@qsclpc.com
*PRO HAC VICE*

**Melissa M. Sims**
Berk, Merchant & Sims, PLC
2 Alhambra Plaza
Suite 700
Coral Gables, FL 33134
786-338-2878
Fax: 786-364-1817
Email: msims@berklawfirm.com

**Scott Michael Janowitz**
Berk Merchant & Sims PLC
2 Alhambra Plaza
Suite 700
Coral Gables, FL 33134
786-338-2900
Fax: 786-364-2888
Email: sjanowitz@berklawfirm.com

**William S. Berk**
Berk Merchant & Sims PLC
2 Alhambra Plaza
Suite 700
Coral Gables, FL 33134
786-338-2900
Fax: 338-2888
Email: wberk@berklawfirm.com